

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Feb-05  14:36:17
60CV-21-1029
C06D16 : 11 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## _____ DIVISION

| | |
|---|---|
| **BRAYLIN JACOREY OUSLEY; ANAKA NJERI SMITH** | **PLAINTIFFS** |
| VS.    NO. _____ | |
| **GERALD LAWRENCE MITCHELL; SCHOTT TRANSPORTATION, INC.** | **DEFENDANTS** |

## COMPLAINT

COMES NOW the Plaintiffs, Braylin J. Ousley and Anaka N. Smith, by and through their attorneys, RAINWATER, HOLT & SEXTON, P.A., and for their Complaint against the Defendants, state and allege the following:

### I. RESIDENCY & PARTIES

1. Plaintiff Braylin J. Ousley was at all times relevant a citizen and resident of Mabelvale, Pulaski County, Arkansas.

2. Plaintiff Anaka Njeri Smith was at all times relevant a citizen and resident of North Little Rock, Pulaski County, Arkansas.

3. Upon information and belief Defendant Gerald Lawrence Mitchell was at all times relevant a citizen of Chaffee, Scott County, Missouri.

4. Defendant Schott Transportation, Inc. is a Missouri Corporation doing business as a trucking company registered in the State of Missouri in good standing with the Missouri Secretary of State.

5. Upon the Plaintiffs' information and belief, Defendant Gerald Mitchell may be

served at 26 Arbor Village Ct, Apt. C, Saint Louis, St. Louis County, Missouri 63135-2965.

6. Upon the Plaintiffs' information and belief, Defendant Schott Transportation, Inc. may be served with process through its registered agent, Wayne Martin at 3123 State Hwy A, Chaffee, Missouri, 63740.

7. The incident giving rise to this cause of action is a motor vehicle collision that occurred in Little Rock, Pulaski County, Arkansas.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to Ark. Code Ann. ▪ 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

9. Venue is proper pursuant to Ark. Code Ann. ▪ 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

10. This is a negligence case which arises from a motor vehicle collision that occurred on I-30 East, at log mile 134.342 in Little Rock, Pulaski County, Arkansas.

## IV. FACTS

11. On or about August 21, 2020, at approximately 1:05 AM, Braylin Ousley was stopped in the first lane of traffic on I-30 East, in a 2008 Ford Explorer.

12. Plaintiff Anaka Smith was a passenger in the vehicle with Plaintiff Braylin Ousley.

13. At the same time and place, Defendant Mitchell was operating a 2019 Peterbilt traveling eastbound in the first lane of traffic on I-30 East.

14. The tractor and/or trailer operated by Defendant Mitchell was owned by Defendant

Schott Transportation, Inc.

15. Defendant Mitchell attempted to swerve into the second lane of traffic and avoid collision with Plaintiffs.

16. Defendant Mitchell struck the rear portion of the Plaintiffs' vehicle.

17. Plaintiffs' vehicle came to a final rest in the grass median between I-30 East and the service road.

18. As a result of the collision, Plaintiffs Braylin Ousley and Aneka Smith sustained personal injuries and damages.

## V. CAUSE OF ACTION NO. ONE – NEGLIGENCE OF GERALD LAWRENCE MITCHELL

19. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

20. Defendant Mitchell was negligent in the following particulars:

   (a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

   (b) Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

   (c) Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

   (d) Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

   (e) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

   (f) Following too closely to Plaintiffs vehicle, more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the

3

traffic upon the highway, in violation of Ark. Code Ann. § 27-51-305(a);

(g) Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(h) Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(i) Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(j) Driving too close to another vehicle, in violation of the common law of Arkansas; and,

(k) Otherwise failing to exercise ordinary care under the circumstances.

21. In addition, Separate Defendant Mitchell failed to use the ordinary and reasonable care required under the circumstances by engaging in the following separate and independent acts or omissions:

(a) Failing to obtain adequate education, direction and preparation, as well as becoming aware of policy and guidance, prior to operating the tractor-trailer he was driving;

(b) Operating a commercial motor vehicle without the required knowledge to do so safely;

(c) Operating a commercial motor vehicle without the required skills to do so safely;

(d) Failing to recognize a hazard and drive so as to prevent the hazard from turning into an emergency; and

22. At all relevant times, Defendant Mitchell was a driver or operator of "commercial motor vehicles" as defined by 49 C.F.R. parts 382 *et seq.* Of the Federal Motor Carrier Safety

Regulations. These federal regulations imposed certain mandatory duties and prohibitions upon Defendant Mitchell to ensure that in driving a commercial motor vehicle he conducted himself in a manner that protected public health, safety and welfare.

23. Defendant Mitchell violated the Federal Motor Carrier Safety Regulations, as adopted by the Arkansas State Highway Commission Regulations, including but not limited to:

(a) Violation of §392.2 in failing to operate a commercial vehicle in accordance with the laws, ordinances, and regulations of the State of Arkansas;

(b) Violation of §392.3 providing that not driver shall operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate a commercial motor vehicle; and

(c) Violation of §392.14 requiring extreme caution and reduced speed when hazardous conditions exists.

24. A reasonably careful person, operating a commercial motor vehicle under similar circumstances, would foresee that the failures in duties of care listed above would result in devastating injuries, to other persons traveling on public highways like Plaintiffs.

## VI. CAUSE OF ACTION NO. TWO – NEGLIGENCE OF SEPARAGE DEFENDANT SCHOTT TRANSPORTATION, INC.

25. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

26. Defendant Schott Transportation, Inc. was negligent in the following particulars:

(a) Failing to adequately train, educate, direct, prepare, set policy or give guidance to its drivers regarding safe driving practices;

(b) Failing to exercise ordinary care with respect to training, educating, directing, preparing, setting policy or giving guidance to its drivers regarding safe driving practices; and

(c) Otherwise failing to exercise ordinary care under the circumstances;

27. In addition, Defendant Schott Transportation, Inc. failed to use ordinary and reasonable care required under the circumstances by engaging in the following separate and independent acts and omissions:

(a) That Defendant Schott Transportation, Inc. failed to properly train, monitor and supervise Defendant Mitchell in the safe operation of the tractor trailer truck when approaching hazards;

(c) That Defendant Schott Transportation, Inc. failed to properly train, monitor and supervise Defendant Mitchell about the duties imposed upon him by the FMSCA and as a holder of a CDL;

(c) That Defendant Schott Transportation, Inc. knew or should have known that Defendant Mitchell was not competent, satisfactory, qualified, or safety-conscious enough to operate the tractor-trailer he was employed to drive; and

(d) That Defendant Schott Transportation, Inc. misjudged and/or overestimated the skills and ability of Defendant Mitchell to drive the tractor-trailer.

28. That Defendant Schott Transportation, Inc. failed to comply with industry standards as set forth by the DOT and relevant federal regulations dictated for motor carriers in properly

training drivers such as Defendant Mitchell, which is evidence of negligence, including but not limited to the following particulars:

(a) Failing to design, develop, and implement adequate safety management controls related to speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures, and/or fatigue and distracted driving awareness;

(b) Failing to train Defendant Mitchell regarding speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures and fatigue, and distracted driving awareness;

(c) Failing to train, monitor and supervise the driving habits of Defendant Mitchell;

(d) Supervision of its business operations in failing to properly monitor the driving habits and records of its drivers, employees, and/or agents, specifically Defendant Mitchell;

(e) Supervision of its drivers, employees, and/or agents, specifically Defendant Mitchell;

(f) Instruction of its drivers, employees, and/or agents, specifically Defendant Mitchell;

(g) Entrustment of its tractor-trailer to its drivers, employees, and/or agents, specifically Defendant Mitchell;

(h) Entrustment of a tractor-trailer to its drivers, employees, and/or agents, specifically the Defendant Mitchell;

(i) Compliance with federal and/or state regulation and industry standards, as referenced in this Complaint and as developed during the discovery of this case;

(j) Failing to utilize available information and technology to properly monitor its drivers, employees, and/or agents, specifically the Defendant Mitchell for compliance with company policies and/or state and federal regulations;

(k) Allowing Defendant Mitchell to operate a commercial motor vehicle despite knowledge of his inability to do so safely;

(l) Failing to have adequate safety management controls in place or in use to ensure compliance with the required safety fitness standard;

(m) Failing to budget an appropriate amount of money to design, develop, and implement safety management controls in the areas of speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures and fatigue and distracted driving awareness; and

(n) Failing to utilize available technology to monitor and audit the safety performance of its driver's including Defendant Hicks.

29. That the conduct of Defendants are in violation of state and/or federal law, including but not limited to, 49 C.F.R. §383.110-123, 49 C.F.R. §390.11, 49 C.F.R. §390.3; 49 C.F.R. §392.1, 49 C.F.R. §392.2; 49 C.F.R. §392.3; 49 C.F.R. §392.14, 49 C.F.R. §392.7, 49 C.F.R. §393.4, 49 C.F.R. §396.11, 49 C.F.R. §396.17, 49 C.F.R. §396.3, A.C.A. §27-51-104, §27-51-201, §27-51-204 and §27-52-305.

## VII. CAUSE OF ACTION NO. THREE - RESPONDEAT SUPERIOR LIABILITY

30. All of the allegations previously plead herein are re-alleged as though stated word-for-word

31. At all times relevant, Separate Defendant Mitchell was an agent and/or employee of Separate Defendant Schott Transportation, Inc.

32. At the time of the incident, Separate Defendant Mitchell was acting within the scope of his employment with Defendant Schott Transportation, Inc.

33. Separate Defendant Schott Transportation, Inc. is legally responsible and vicariously liable for the negligence of its agent and employee, Defendant Mitchell, under the legal doctrines of joint enterprise, respondent superior, and the principles of agency as adopted in the State of Arkansas.

34. The negligence of Defendant Mitchell is imputed to Defendant Schott Transportation, Inc. as a matter of law.

## VIII. PROXIMATE CAUSATION

35. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

36. Defendant Gerald Lawrence Mitchell's negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## IX. INJURIES AND COMPENSATORY DAMAGES

37. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

38. Plaintiff Ousley sustained personal injuries and damages as a result of the collision.

39. Plaintiff Ousley is entitled to the following damages:

   (a) the nature, extent, duration, and permanency of his injuries;

   (b) the full extent of the injuries he sustained;

   (c) the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

   (d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

   (e) the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and

   (f) the visible results of his injuries; and,

40. Plaintiff Smith sustained personal injuries and damages as a result of the collision.

41. Plaintiff Smith is entitled to the following damages:

   (a) the nature, extent, duration, and permanency of her injuries;

   (b) the full extent of the injuries she sustained;

   (c) the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

   (d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

   (e) the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and,

   (f) the visible results of her injuries.

42. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## X. DEMAND FOR JURY TRIAL

43. Plaintiffs Ousley and Smith hereby demand a trial by jury.

## XI. DEMAND & PRAYER

44. The Plaintiffs demand judgment against Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate them for their damages.

45. Plaintiffs demand judgment against Defendants for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which they may be entitled.

Respectfully Submitted,

Attorneys for Plaintiffs

By: _____
Bryce Brewer (Ark. Bar No. 2002013)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR   72222
Telephone:   (501) 868-2500
Telefax:   (501) 868-2505
Email:   bbrewer@rainfirm.com

11